## OGDEN *against* MARSHALL.

*In an action for the refusal by the defendant to perform an agreement to transport corn from New York to Liverpool in his ship at a certain price, the plaintiff is entitled to recover for his damages the difference between the contract price and what he would be compelled to pay for the same service.*
*In such an action, when a refusal to perform on the part of the contractor is shown, and it is proved that the price of transportation had risen, before the time the ship sailed, the plaintiff is entitled to his damages, measured by the rise in the price, without proving that he had the corn ready to ship. WILLARD and TAGGART, JJ., dissenting.*

The appeal in this action was from a judgment of the superior court of the city of New York. The action was assumpsit upon an agreement made between the plaintiff and defendant, on the 22nd day of December, 1846, by which the defendant agreed to transport twelve thousand bushels of corn from New York to Liverpool, in the ship Yorkshire, at the price of sixteen pence sterling per bushel, payable at the port of delivery. It was averred in the declaration that although the plaintiff was ready, willing, and desirous to ship the corn on board the Yorkshire, at New York, to be

transported according to the contract, the defendant would not receive it nor transport it, by means whereof the plaintiff sustained loss to the amount of $1600. The defendant pleaded non assumpsit. The action was tried before Chief Justice OAKLEY, in December, 1848. Upon the trial the contract alleged in the declaration was proved, and the refusal to receive the corn on board the Yorkshire: that immediately after the contract the price of freight to Liverpool rose, and on the 9th of January it had reached eighteen pence sterling per bushel, and before the sailing of the Yorkshire nineteen pence. The plaintiff thereupon rested. The chief justice then charged the jury, that upon the evidence the plaintiff was entitled to no more than nominal damages, and the jury, under his instructions, found a verdict for six cents damages and six cents costs, upon which judgment was rendered, and the plaintiff appealed to this court.

*M. S. Bidwell* for appellant.

The judge erred in charging the jury that on the evidence the plaintiff was entitled to only nominal damages. He was entitled to such damages as would have been a recompense for the wrong done to him by the defendant in not fulfilling the engagement. In other words, he should have been put in as good condition as if the contract had been performed. That would be at the least, the difference between the contract price and the market price at the sailing of the Yorkshire. The plaintiff might have assigned his right to have the corn transported, and the evidence shows that he might have sold this at the rate of nineteen pence per bushel, and it would have cost him that price to obtain its transportation. He, therefore, lost the difference between the sixteen pence agreed to be paid and the nineteen pence.

In actions sounding in damages, the question of damages is a matter which the law leaves to the judgment of the

jury, except in those cases where a rule has been established for the calculation of the amount. (*Bac. Ab. tit. Damages D.* (1). 2 *C. C.* 215.) With that exception, the jury can give such damages as they may judge just and reasonable, unless there is conclusive evidence that the plaintiff has sustained no damage, or, in other words, unless the proof has been such that a verdict for any thing more than nominal damages would be set aside as a verdict against evidence.

*D. Lord* for respondent.

I. The plaintiff entirely failed in showing any want of work and labor to be done for him, or any actual loss from its not being done.

II. The rule of damages under such an agreement would be the excess of the actual expense of the shipping 12,000 bushels by any other vessel over the agreed freight.

III. The claim for damages of such excess, on the ground that—1. If the plaintiff had had the corn, and—2. If he had shipped it by another vessel, he would in those two contingencies have sustained a loss, was too remote and contingent.

JEWETT, J. It was assumed on the trial in the court below, and on the argument in this court, that the evidence tended to establish a valid contract made between the parties, by which the defendant agreed to receive from the plaintiff, on board of the packet ship Yorkshire, 12,000 bushels of corn at New York and carry it to the port of Liverpool, and to sail on the sixteenth day of January, 1847, at and for the price of sixteen pence sterling per bushel which the defendant afterwards refused to perform, and that after the making of the contract and before the sailing of the ship freight rose to nineteen pence sterling per bushel. The only question submitted is, whether the plaintiff under these circumstances, is limited in his reco-

Ogden *against* Marshall.

very for such a breach of the contract, to nominal damages.

It is a general rule of law, that when an injury has been sustained, for which the law gives a remedy, that remedy shall be commensurate to the injury sustained. On all contracts, · the party injured by the breach or nonperformance, is entitled to a full indemnity. From the facts in this case, I think that the difference between the price agreed upon, for transporting the corn and that for which its carriage might have been obtained by others, at the time when the ship was to receive the corn, is the true measure of damages for the breach of the contract by defendant.

In the case of *Bracket* v. *Mc Nair* (14 *Johns*. 170,) it was held that in an action for the breach of a contract to transport salt from Oswego to Queenston, where by the refusal and neglect of the carrier to take the salt at the time agreed, the opportunity to transport the same was wholly lost by the intervention of the embargo or nonintervention act, the difference between the value of the salt to be carried, at the place of its intended embarkation and its value at the place of its intended delivery, less the carriage and necessary expenses was the true measure of damages. The principle of that case governed the decision in *O'Conner* v. *Foster in* 10 *Watts*, 418.

The judge erred in his charge to the jury that the plaintiff was not entitled to recover beyond nominal damages. The judgment must be reversed and a new trial ordered, with costs to abide the event.

RUGGLES, Ch. J., GARDINER, JOHNSON and MASON, JJ., concurred in the opinion of Judge JEWETT.

WILLARD, J., dissenting.—Without proof that the plaintiff had corn to ship, the law will not imply that he sustained damages beyond a nominal sum by the defendant's breach of contract. There is no evidence from which any other damages can be inferred.

When a right is given by law, and a remedy for its

Ogden *against* Marshall.

violation, such violation imports damages; and when no penal damages are proved, the law will give nominal damages to the party. *Whithmer* v. *Cutte* (1 *Gal. C. C. R* 478.) The plaintiff in this case could not have sustained any penal damage, unless he had the corn when he made the contract, or produced it afterward and had it ready to ship.

In actions which sound in damages, the jury seem to have a discretionary power of giving what damages they think proper; for though in contracts the very sum specified and agreed on is usually given, yet if there are any circumstances of hardship, fraud or deceit, though not sufficient to invalidate the contract, the jury may consider them and proportion and mitigate the damages accordingly. (*Bac. Abridg. Tit. Damages, Letter D,* 1.) Thus in an action brought on a promise of £1000, if the plaintiff should find the defendant's owl; the court declared, that though the promise was proved, the jury might mitigate the damages. (*ib.*) The plaintiff declared on a promise to pay for a horse, a barley corn, a nail, doubling every nail, and averred that there were thirty-two nails in every shoe, which doubling every nail, came to five hundred quarters of barley; which being tried before Hyde, he directed the jury to give the value of the horse in damages, and accordingly they gave £8, and it was held good. (*Ib. Lev.* 111.) In *Thornburgh* v. *Whitaker,* (3 *Salk.* 97,) the defendant, in consideration of half a crown paid him by the plaintiff, promised to give the plaintiff two grains of rye on Monday following, and so on every Monday double by progressing, for one year. The defendant pleaded nonassumpsit, and upon motion to stay the trial it was denied; for *per curiam,* though it amounts to a great quantity, yet the jury will consider the folly of the defendant, and give reasonable damages. In the foregoing cases, a rigid enforcement of the contract according to the letter would have been oppressive and perhaps ruinous. There was a great disproportion between the actual consideration and the thing promised. The defendant might in each

Ogden *against* Marshall.

case be presumed to have been overreached in the bargain, or to have made it inconsiderately. The mitigation allowed to be made by the jury rested on the same principles which govern courts of equity in relieving against penalties and forfeitures. If the party obtains the actual damages he has suffered, he ought not to have the penalty, and the defendant, on making the plaintiff whole, should be relieved from it.

But while jurors have thus been permitted in certain cases to mitigate damages below the literal stipulation of the parties, they have never been permitted, when no *actual* damages have been shown or can be implied in a matter resting in contract, to guess at damages, beyond a nominal sum.

In the cases where the jury were permitted to reduce the damages to a reasonable sum, they had sufficient data by which they could form their judgment. Instead of giving £1000 for finding the defendants owl, they could inquire into the time and expense spent in the search, and give that, as they gave the value of the horse in the other case. But in making their estimate in the opposite direction in this case, they had no data, beyond nominal damages. Why should they give, in an action on contract, more than that, when no actual damages were sustained. It was not a case in which the rules of law allow exemplary damages, nor where damages may be presumed, as in libel, slander, trespass and the like.

The jury had no right to presume that the plaintiff could have made a speculation by disposing of his right to any other person. The damages arising from such a source are too remote. They rest wholly in conjecture. The judgment should be affirmed.

TAGGART, J., concurred in the conclusions arrived at by Judge Willard.

Judgment reversed and new trial ordered