---

(3 Misc. Rep. 14.)

PARKE et al. v. McCALDIN.

(City Court of Brooklyn, General Term.    February 27, 1893.)

CHARTER PARTY—BREACH—DAMAGES.
    Where a vessel is chartered to carry lumber between specified ports for a specified time, the charterer's measure of damages for the cancellation of the charter party before the expiration of the time specified is the difference between the freight fixed in the charter party for transporting such a quantity of lumber as the chartered vessel could reasonably have been expected to carry for the unexpired term and the cost of procuring such transportation on other vessels, provided that other transportation is obtainable; and, if no other transportation is obtainable, the charterer's measure of damages is the difference in the value of the lumber at the shipping point and the place of destination, less the cost of transportation.

Appeal from trial term.

Action by William A. Parke and Edward W. McClave against James McCaldin for breach of a charter party.    From a judgment entered on a verdict for nominal damages, and from an order denying a new trial, plaintiffs appeal.    Reversed.

Argued before CLEMENT and VAN WYCK, JJ.

Parsons, Shepard & Ogden, for appellants.
Goodrich, Deady & Goodrich, for respondent.

CLEMENT, C. J.    The defendant chartered to the plaintiffs the steamer Caroline Miller to carry lumber from Port Royal to New York

city for as many voyages as could be made during the period of 11 months from February 1, 1887. There was a provision in the charter party that the defendant had the privilege of canceling the same after August 1, 1887, on giving 60 days' notice in writing. The defendant claimed on the trial that on August 3d the written notice was served on the plaintiffs, and that the charter party was therefore ended on October 1st. On the other hand, the plaintiffs testified that no notice of cancellation was ever given. The question whether the charter party terminated on October 1st or on December 31st was litigated at length, and the jury found a verdict for plaintiffs for six cents damages. It is conceded that by such verdict the jurors determined that the charter party was not canceled, and that the plaintiffs were entitled to recover damages for the failure of the defendant to carry out his contract between October 1st and December 31st, a period of three months. The proper rule as to the measure of damages is substantially the question involved on this appeal.

The learned trial judge, in his charge, said:

"If you come to the conclusion that the plaintiff is entitled to recover in this case, the measure of damages is the value of this charter party—the contract—that has been broken; and that value is to be measured by what, in your judgment, with fair and reasonable efforts and diligence, the plaintiffs could have procured another vessel,—steamer, I will say,—of equal or satisfactory facilities for bringing forward the lumber that they desired to bring from Port Royal to New York; and the excess of price that they would have been compelled to pay for such carriage over and above the $4.50 a thousand feet, for such number of thousands of feet as you may find the Caroline Miller might reasonably have been expected to bring from the 1st day of October up to the 1st day of January would be the measure of damages which they were entitled to recover."

The rule charged was correct, provided it was agreed between the litigants that other steamers could have been chartered during the time when the defendant was in default. One of the questions in dispute on the trial was whether a steamer could have been obtained or not, and the testimony which was given by the witnesses for plaintiffs was ample to justify the submission of that question to the jury. The learned counsel for the defendant, in his brief, says that the question was submitted to the jury by the court, and that they determined that the plaintiffs could have obtained another steamer. We are of opinion that after the plaintiffs had proven that there was a breach of the contract, and had given testimony tending to show that another steamer could not be procured, it was then competent to prove the value of the lumber at Port Royal, and also the value at New York City, after deducting charges and expenses. Such testimony was excluded at the trial on several occasions, and at folio 166 the judge said, "I will hold you to the difference of freightage as the measure of damages." This ruling was adhered to during the trial, and the charge is to the same effect. In this case, if the plaintiffs could not have procured another steamer. then the rule that the difference of freightage was the measure of damage did not apply; and, if the jury found that another steamer could not be obtained, then they had no evidence of any damage, for the testimony had been excluded. The verdict of six cents does not show whether the jury decided that the plaintiffs could have procured a

steamer, or the opposite. Where there is a breach of contract, the injured party is entitled to recover damages, as an indemnity for the loss sustained. The plaintiffs, if they could not secure transportation for their lumber, were not without remedy on the failure of the defendant to keep his contract. In the case of Bracket v. McNair, 14 Johns. 170, a contract was made to transport 400 barrels of salt from Oswego, N. Y., to Queenston, Canada. The defendant failed to keep his contract, and the plaintiff, by reason of an embargo, was unable to ship the salt. Held, that the plaintiff was entitled to recover the difference in value of the goods at Oswego and Queenston, less the cost of transportation. Ogden v. Marshall, 8 N. Y. 340, was an action brought to recover damages for failure to transport corn from New York to Liverpool, and it was there held that the difference between the price agreed upon for freight, and that for which it could have been carried by another ship at the time, was the measure of damage. In that case it appeared that other transportation could have beeen procured, but at an increased rate. Judge Jewett cites Brackett v. McNair, supra, with approval, as laying down the proper rule of damage where the opportunity of transportation was wholly lost. In another case, (O'Conner v. Forster, 10 Watts, 418,) there was an agreement to transport 1,000 bushels of wheat by canal from Pittsburgh to Philadelphia, which agreement the defendant failed to keep. The court allowed the plaintiff to show the value of wheat at Pittsburgh and Philadelphia, and charged the jury that, if other transportation could be obtained, then plaintiff would be entitled to recover the difference in freight, and damages by reason of the delay, but that, if no other transportation could be obtained, then the difference of prices at Pittsburgh and Philadelphia would be the measure of damages. The supreme court of Pennsylvania upheld the law as laid down by the trial judge. The authorities before quoted have never been distinguished, and though no late cases in this state can be found, in other states there are many authorities directly in point. The rule laid down in the eighth edition of Sedgwick on the Measure of Damages, (section 842,) is the correct one, and the authorities are there collated, and their citation in this opinion is therefore not required.

We think that the defendant should have been permitted to prove in this case that transportation could have been obtained by schooners, and the cost of such transportation, and that the plaintiffs might prove damages for delays if the lumber was transported by schooners, and, as stated before, that the plaintiffs should have allowed to prove the value of the lumber not transported at Port Royal and New York. The jury, under proper instructions, based upon the law as laid down in the cases before cited, could then determine the value of the charter party. We hold that the rulings below were correct as to remote profits. Harvey v. Railroad Co., 124 Mass. 421. It follows that the judgment and order denying new trial must be reversed, and a new trial granted, costs to abide the event.